IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CIE, BAYER PHARMA AG and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES, INC., and ACTAVIS, INC., <br><br> Defendants. | C. A. No. 13-1272-RGA |

## STIPULATION, NOTICE, AND ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT ACTAVIS, INC.

This stipulation is made by and between Plaintiffs Merck & Cie, Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (collectively, "Plaintiffs") and Defendants Watson Laboratories, Inc. ("Watson") and Actavis, Inc. ("Actavis") (collectively, "Defendants").

WHEREAS, Plaintiffs filed suit against Defendants in the above-captioned case ("the Action");

WHEREAS, Actavis maintains that it is not a proper defendant in the Action;

WHEREAS, Plaintiffs disagree with the position of Defendants stated above;

WHEREAS, resolution of such disagreement by motion practice will consume time and expense that the Parties wish to avoid by entering into this stipulation;

NOW THEREFORE, the Parties, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Actavis, including all affiliates and subsidiaries, agrees to be bound by any judgment or order, including any injunction, rendered as to Watson in the Action (including appeals) as if it was a named Defendant.

2. Actavis agrees that it will not contest personal jurisdiction in this Court for purposes of enforcing any such judgment or order against it.

3. Actavis agrees that, to the extent it has in its possession, custody, or control information that would be discoverable in the Action were it to remain as a party, it will search for and provide such discovery to Watson in response to discovery requests propounded on Watson by Plaintiffs. Plaintiffs may seek to depose employees of Actavis by serving deposition notices on Watson, without the need for service of subpoenas. Watson will also accept Rule 30(b)(6) deposition notices containing topics directed to information that may be held by Actavis, and any witness presented in response thereto shall investigate information in the possession, custody, or control of Actavis. Actavis further agrees to be bound by resolution of discovery matters in the Action.

4. This stipulation does not constitute a waiver of any objection or defense to, any privilege or immunity from, or any limitation imposed by the Court on the provision of discovery otherwise available to parties to an action under the Local Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

5. Watson agrees that it will not contest personal jurisdiction for purposes of the Action and will not move to dismiss the Action on grounds that this Court lacks personal jurisdiction over Watson for purposes of the Action. Watson also agrees that it will not contest venue in the Action and will not move to change venue. Watson further agrees that it will produce in the Action the discovery it receives from Actavis, as provided in paragraph 3, above,

if such discovery is responsive to discovery requests served on Watson in the Action and not subject to any valid limitation, defense, objection, privilege, or immunity.

6. Plaintiffs hereby dismiss without prejudice per Fed. R. Civ. P. 41(a)(1)(A)(i) the claims as to Actavis.

7. The terms of this stipulation are made without prejudice to the respective positions of the Parties with respect to whether Actavis is a proper defendant in the Action, and whether Watson is subject to personal jurisdiction in this Court. The terms of this stipulation also cannot be used by the Parties to argue for or against jurisdiction in the future.

8. The case caption of the Action should be amended as follows to remove Actavis, Inc.:

| | | |
|---|---|---|
| MERCK & CIE, BAYER PHARMA AG and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 13-1272-RGA |
| v. | ) ) | |
| WATSON LABORATORIES, INC., | ) ) | |
| Defendant. | ) | |

IT IS SO STIPULATED.

| MORRIS, NICHOLS, ARSHT & TUNNEL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ Jack B. Blumenfeld<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>jblumenfeld@mnat.com<br>rsmith@mnat.com | By: /s/ Richard L. Horwitz<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com |

OF COUNSEL:

Adam K. Mortara
J. Scott McBride
Asha L.I. Spencer
BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
asha.spencer@bartlit-beck.com

*Attorneys for Plaintiffs Merck & Cie,
Bayer Pharma AG, and
Bayer Healthcare Pharmaceuticals Inc.*

OF COUNSEL:

Steven A. Maddox
Jeremy E. Edwards
Andrea Cheek
KNOBBE, MARTENS, OLSON
    BEAR, LLP
1717 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
steve.maddox@knobbe.com
jeremy.edwards@knobbe.com
andrea.cheek@knobbe.com

*Attorneys for Defendants
Watson Laboratories, Inc., and Actavis, Inc.*

Dated: August 6, 20213
1117785 / 40541-001

IT IS SO ORDERED this 6th day of Aug, 2013.

_____
U.S.D.J.

4