**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MERCK & CIE, BAYER PHARMA AG and BAYER HEALTHCARE PHARMACEUTICALS INC., | ) | |
| Plaintiffs, | ) | C.A. No. 13-978-RGA<br>C.A. No. 13-1272-RGA |
| v. | ) | |
| WATSON LABORATORIES, INC. | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Watson Laboratories, Inc. will serve the attached subpoena (Ex. 1) in the above-referenced action.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteraderson.com

*Attorneys for Defendant Watson Laboratories, Inc.*

OF COUNSEL:

Steven A. Maddox
Jonathan E. Bachand
Jeremy E. Edwards
Andrea L. Cheek
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
Tel: (202) 640-6400

Christie R.W. Mattaei
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 405-2000

Dated: October 15, 2014
1169139 / 40541

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

Merck & Cie,et al
*Plaintiff*
v.
Watson Laboratories, Inc.
*Defendant*

Civil Action No. 13-0978-RGA / 13-1272-RGA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Luke Bucci
3400 Mario Road Reno, NV 89523
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE EXHIBIT A.

| Place: Hyatt Place Reno Tahoe Airport<br>1790 East Plumb Lane, Reno, NV 89502<br>Or agreed upon location | Date and Time:<br>10/29/2014 3:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographically, Realtime and by videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10-15-2014

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Jonathan Bachand
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Watson Laboratories, Inc. , who issues or requests this subpoena, are:

Jonathan Bachand, Knobbe, Martens, Olson & Bear, LLP 1717 Pennsylvania Avenue, NW, Suite 900, Washington,DC 20006 (202)640-6400 Jonathan.Bachand@knobbe.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 13-0978-RGA / 13-1272-RGA

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________________
______________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

For each of the deposition topics set forth below, please produce the witness or witnesses most knowledgeable about that topic.

## DEFINITIONS

1. The terms "Plaintiff(s)" mean Merck & Cie, Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc., any present or former officer, director, employee, agent, attorney, or other representative acting on its behalf, and shall include any predecessor, successor, parent, controlled, subsidiary or affiliated companies, and any person or company assisting by agreement or otherwise in this lawsuit, and their agents, officers, employees, representatives, and attorneys.

2. The term "Weider Nutrition Group" shall mean Weider Nutrition Group, Inc., and any present or former office, director, employee, agent, attorney, or other representative acting or purporting to act on its behalf, and shall include any predecessor, successor, parent, controlled, or affiliated companies.

3. The term "relating to" is used in its customary broad sense and, by way of example and not by way of limitation, it includes referring to, concerning, mentioning, discussing, stating, describing, noting, recording, embodying, studying, analyzing, evaluating, evidencing, reflecting, containing, demonstrating, identifying, comprising, constituting, supporting, and undermining, and shall encompass all express and implied references to the specified person, subject, event or thing.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

All facts relating to any negotiations or discussions between Weider Nutrition Group and Plaintiffs between 1997 and 1999 relating to Calcium-L-Mefolinate (calcium salt of 5-methyl-(6S) tetrahydrofolic acid) and any orders of Calcium-L-Mefolinate by Weider.

19117175

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 15, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 15, 2014, the attached document was electronically mailed to the following person(s)

Jack Blumenfeld
Rodger D. Smith II
Derek J. Fahnestock
Morris, Nichols, Arsht & Tunnel LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com
dfahnestock@mnat.com

Adam K. Mortara
J. Scott McBride
Asha L.I. Spencer
Rebecca T. Horwitz
Andrew C. MacNally
Katharine A. Roin
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
adam.mortara@bartlit-beck.com
scott.mcbride@bartlit-beck.com
asha.spencer@bartlit-beck.com
rebecca.horwitz@bartlit-beck.com
andrew.macnally@bartlit-beck.com
kate.roin@bartlit-beck.com

By: */s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1117442 / 40541