IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CIE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 13-978-RGA |
| | : | |
| WATSON LABORATORIES INC., | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| MERCK & CIE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 13-1272-RGA |
| | : | |
| WATSON LABORATORIES INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Defendant Watson has requested leave to file a summary judgment motion (D.I. 76), including the proposed motion and opening papers. Plaintiffs have opposed. (D.I. 78). I understand the issue to be whether communications centering around a September 9, 1998, fax constitute an offer for sale sufficient to invoke the "on-sale bar." The point of dispute is whether there is a disputed material fact about whether the "offer to sell" part of the on-sale bar is met. No sale actually took place.

The parties agree that the standard is whether there was an offer that Weider "could [have made] into a binding contract by simple acceptance." *Group One, Ltd. v. Hallmark Cards, Inc.*,

254 F.3d 1041, 1048 (Fed. Cir. 2001). It seems as though the heart of the matter is whether "Exhibit 31" (D.I. 76-5 at 116) is such an offer. It appears as though there is going to be testimony from Plaintiffs that responding to Exhibit 31 with an appropriate purchase order would have been treated as an offer to purchase, and not as an acceptance of an offer made by Exhibit 31. Although I am not certain, it appears that there is no actual purchase order in the record. (D.I. 78, Exh. A, p.2). Of course, if there had been an offer for sale, it would not matter whether Weider accepted it or not.

It seems to me that there is a disputed issue of material fact about whether Weider's issuance of an appropriate purchase order would have created a binding contract, which will require a credibility determination, and thus I will deny Defendant's request.

Entered this 23rd day of December 2014.

*Richard G. Andrews*
United States District Judge